UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| DONNA BARNES-DUNCAN | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff | | |
| v. | | Civil Action No. 17-02818 (ABJ) |
| LIEBNER AND POTKIN, LLC, *et al.*, | | |
| Defendants. | | |

# MEMORANDUM OPINION

On December 28, 2017, plaintiff Donna Barnes-Duncan, who is proceeding *pro se*, filed a complaint against the Estate of Morris Battle and two individuals – Lane H. Potkin, a "Trustee," and Eugenie A. Lucas, a "Personal Representative" of the Estate – challenging the foreclosure of her property located at 9010 Watkins Road, Gaithersburg, Maryland 20882 (the "Property"). Compl. [Dkt. # 1]. The parties have been embroiled in a years-long legal battle that plaintiff refuses to put to rest despite numerous federal and state court rulings rejecting her claims, and multiple court reprimands for abusing the litigation process.[1]

Plaintiff brought this federal suit after the Circuit Court for Montgomery County, Maryland ratified the foreclosure sale, *see Barnes-Duncan,* Md. Cir. Ct. at Dkt # 146 (filed Nov. 7, 2012), and the Maryland Court of Special Appeals affirmed the ratification. *See Barnes-Duncan,* Md.

---

1 *See* Order of Judgment As Sanction For Filing Frivolous Motion to Vacate, *Potkin, Subsitute Trustee v. Barnes-Duncan, et. al.*, No. 251795V, (Md. Cir. Ct. filed June 2, 2015) ("*Barnes-Duncan,* Md. Cir. Ct.") Dkt. # 175, *aff'd sub nom. Barnes-Duncan v. Potkin,* No. 0829 (Md. Ct. Spec. App. Jul. 14, 2016) ("*Barnes-Duncan*, Md. App."); *see also Barnes-Duncan*, Md. App. (discussing a bankruptcy court judge's finding that plaintiff had abused both the bankruptcy and litigation processes).

App. Plaintiff's complaint, which consists of a rambling list of conclusory allegations, ultimately seeks an order declaring the Maryland foreclosure order null and void. *See* Compl. ¶ 20; Pl.'s Opp. to Mot. to Dismiss [Dkt. # 9] at 8 ("Plaintiff requests . . . that Deed fraudulently transferring ownership of Plaintiff's home to Lucas be declared NULL and VOID.").

Because the Court independently concludes that the *Rooker-Feldman* doctrine precludes it from exercising subject matter jurisdiction over plaintiff's challenge to a state-court foreclosure order, the case will be dismissed *sua sponte*. The pending motions – defendants' motions to dismiss and request for sanctions, and plaintiff's request for default judgment – will be denied as moot.[2] Substitute Trustee's Mot. to Dismiss & Request for Imposition of Sanctions [Dkt. # 2]; Eugenie A. Lucas' Mot. to Dismiss & Request for Imposition of Sanctions [Dkt. # 7] (collectively, "Defs.' Mot."); Pl.'s Mot. to Dismiss Def.'s Mot. & Pl.'s Mot. for J. by Default [Dkt. # 4].

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Indeed, this

---

2   In their identical motions to dismiss, defendants do not cite a specific Federal Rule of Civil Procedure as the basis for dismissal. Although they insert a single line contending that the Court "lack[s] subject matter jurisdiction to overturn a Montgomery County Maryland foreclosure sale," Defs.' Mot. at 5, they do not invoke Federal Rule of Civil Procedure 12(b)(1), and the defenses they raise – res judicata, collateral estoppel, and statute of limitations – do not generally deprive the court of subject matter jurisdiction. *See Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) ("The defense of res judicata, or claim preclusion, while having a 'somewhat jurisdictional character,' does not affect the subject matter jurisdiction of the district court."), quoting *SBC Commc'ns Inc. v. FCC,* 407 F.3d 1223, 1229–30 (D.C. Cir. 2005); *see also Day v. McDonough*, 547 U.S. 198, 199 (2006) ("A statute of limitations defense is not jurisdictional, therefore courts are under no obligation to raise the matter *sua sponte*.). Given its lack of subject matter jurisdiction, the Court need not address defendants' other arguments.

Court has an independent duty to assess its subject matter jurisdiction, *see NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and it must dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) when it is evident that the court lacks subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also Evans v. Suter,* No. 09–5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010).

When considering whether subject matter jurisdiction exists over an action, the court must assume the truth of the factual allegations in the complaint, and it must "construe the complaint liberally, granting plaintiff the benefit of all [factual] inferences." *Am. Nat'l Ins. Co. v. FDIC,* 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi,* 394 F.3d 970, 972 (D.C. Cir. 2005). However, the court need not accept inferences drawn by plaintiff if those inferences are unsupported by facts alleged in the complaint or merely amount to legal conclusions. *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). In undertaking this inquiry, the court may consider materials outside the pleadings and is not limited to the allegations contained in the complaint. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64, 107 (1987).

Ultimately, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Even though *pro se* complaints must be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), a *pro se* litigant is not exempt from this requirement. *See, e.g., Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13–2049, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) (dismissing *pro se* complaint for lack of subject matter jurisdiction); *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007) (same).

## ANALYSIS

This Court lacks subject matter jurisdiction over plaintiff's claims because at bottom, the complaint ultimately seeks to overturn a decision rendered by the Maryland state courts. The *Rooker-Feldman* abstention doctrine, "prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court," *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002), citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under 28 U.S.C. § 1257, the Supreme Court of the United States maintains exclusive jurisdiction to review final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

However, the Supreme Court has cautioned that the *Rooker-Feldman* doctrine applies only in "limited circumstances." *Id.* at 466, quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). It is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance*, 546 U.S. at 464. And "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment." *Id.* at 462. Finally, the federal suit must be brought *after* judgment was entered in the state-court action. *Exxon Mobil*, 544 U.S. at 284. In sum, the doctrine is confined "to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 281.

Here, the Court finds that plaintiff's case falls squarely within the confines of the *Rooker-Feldman* doctrine. Plaintiff was a defendant in the state foreclosure action, and she brought this federal suit after the Circuit Court for Montgomery County, Maryland ratified the foreclosure sale on November 7, 2012, and after the Maryland Court of Special Appeals upheld the ruling on July

14, 2016.³ *See Barnes-Duncan,* Md. Cir. Ct.; *Barnes-Duncan,* Md. App. Moreover, plaintiff's complaint simply re-hashes the allegations that were presented to and rejected by the Maryland state courts, including her claim that the foreclosure was invalid because it was obtained through "fraud and misrepresentation," Compl. ¶¶ 17–18; that it was "barred by the statute of limitations," *id.* ¶¶ 6–9; that defendants violated the "[p]robate laws of the District of Columbia and . . . the state of Maryland," *id.* ¶ 19; and that "defendants lacked [the] legal authority to foreclose." *Id.* ¶¶ 10–16. *See generally Barnes-Duncan,* Md. App. (rejecting all of these claims and referencing prior Montgomery County Circuit Court rulings on these issues). Because plaintiff's complaint fails to raise an independent claim, and she seeks relief designed to invalidate a Maryland state court judgment, her case is plainly barred under the *Rooker–Feldman* doctrine.⁴

---

3     The long and complex background of plaintiff's efforts to resist foreclosure are summarized in the Maryland Court of Special Appeals' decision. Her campaign spans over a decade and includes plaintiff's numerous attempts to delay the state foreclosure proceedings by seeking relief in the federal bankruptcy courts, all to no avail. *See Barnes-Duncan v. Potkin,* No. 0829 (Md. Ct. Spec. App. Jul. 14, 2016)

4     *See Toth v. Wells Fargo Bank*, N.A., 82 F. Supp. 3d 373, 376 (D.D.C. 2015) (holding that *Rooker-Feldman* doctrine precluded court from exercising subject matter jurisdiction in case that "effectively [sought] to collaterally attack the state court possession judgment ratifying the foreclosure and sale"); *Fontaine v. Bank of America*, N.A., 43 F. Supp. 3d 1, 4 (D.D.C. 2014) (dismissing case for lack of subject matter jurisdiction based on *Rooker-Feldman* doctrine because a state court had already ratified the foreclosure proceedings the plaintiff wished to challenge); *Hunter v. U.S. Bank Nat. Ass'n*, 698 F. Supp. 2d 94, 100 (D.D.C. 2010) (dismissing case brought by plaintiff who "lost the foreclosure action brought against him in state court [and] subsequently filed this action to contest the validity of that judgment and seeking damages for injuries he suffered as a result of the foreclosure"); *Tremel v. Bierman & Geesing, L.L.C.*, 251 F. Supp. 2d 40, 41 (D.D.C. 2003) (dismissing case because court lacked jurisdiction to review final decisions of Maryland state courts ratifying foreclosure sale of real property).

## CONCLUSION

The complaint will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) and both plaintiff's and defendants' pending motions will be denied as moot due to the dismissal of the case. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: November 28, 2018